BROADCAST MUSIC, INC., Plaintiff,

v.

Peter ARLOS, d.b.a. Pace Vending Co., Defendant.

Civ. A. No. 82–0331–F.

United States District Court, D. Massachusetts.

Dec. 10, 1986.

Edward J. McDonough, Jr., Egan, Flanagan & Egan, Springfield, Mass., Jonathan Zavin, Zavin, Sinnreich & Wasserman, Richard Wasserman, New York City, for plaintiff.

John Cavicchi, E. Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

FREEDMAN, Chief Judge.

In this copyright infringement action, plaintiff, a "performing rights society," *see* 17 U.S.C. § 116(e)(3), alleges that defendant, a former operator of coin-operated phonorecord players (jukeboxes), violated the jukebox registration provision of 17 U.S.C. § 116. Plaintiff seeks statutory damages, injunctive relief and attorneys' fees for twenty-five specific infringements witnessed by its field agent on three separate occasions. Now before the Court is plaintiff's motion for summary judgment. The Court heard arguments of counsel on December 4, 1986.

Plaintiff claims that the affidavits submitted in support of its motion demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 923 (1st Cir.1978). If plaintiff satisfies his initial burden, then defendant, as a party opposing the motion, may not rest on mere allegations, but must demonstrate, by affidavits or otherwise, "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). With these standards in mind, the Court can now address the instant motion.

As of 1978, the Copyright Act requires jukebox operators to register their jukeboxes with the United States Copyright Office and to pay an annual registration fee. As evidence of compliance, the operator is provided with a certificate which he must affix to the registered jukebox in a place where it is visible to the public. 17 U.S.C. § 116(b).

On the first two occasions when plaintiff's field representative witnessed a total of twenty songs being performed on jukeboxes owned by defendant that did not contain a certificate of registration, defendant admits that his jukeboxes were not registered. Thus, plaintiff's liability for these twenty infringements is not contested.

The act provides that in the event of non-willful violations, a plaintiff may elect statutory damages of $250 to $10,000 per infringement. 17 U.S.C. § 504(c). A court is permitted to reduce the award of statutory damages to a sum not less than $100 if the infringer sustains his burden of proving, and the court finds, "that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2).

■ Plaintiff alleges that he was an innocent infringer with respect to these twenty violations because he was not aware of the registration requirement, though it was enacted in 1976 and became effective in 1978. Even construing the evidence in defendant's favor, the Court finds that he has not succeeded in raising a genuine issue as to whether he was an innocent infringer for purposes of the Act. Defendant has presented no authority—and the Court has found none—for his novel contention that a person's ignorance of the law's requirement makes him an innocent infringer under the Act. As plaintiff correctly notes, a defendant must demonstrate not only a good faith belief that the infringement was innocent, but that his belief was reasonable. *See* Plaintiff's Reply Brief at 9 (*citing* 3 *Nimmer on Copyright* § 14.04(B) (1983)). Thus, because the defendant has failed to raise a genuine issue as to innocent infringement, the Court must assess statutory damages between $250 and $10,000 for each of these twenty infringements.

The third occasion when plaintiff's field representative found that the defendant was infringing occurred on May 27, 1983 at the Salt & Pepper Restaurant in Pittsfield, Massachusetts. On this occasion, plaintiff's representative observed that there were six music selectors on the walls of the unit connected to a jukebox in the restaurant's basement. The representative examined the jukebox but did not find a certificate. On this occasion, five copyrighted songs were performed.

■ Defendant, by this time, did obtain the registration certificates. He claims that he put a certificate in one of the wall boxes inside the restaurant. Counsel for plaintiff stated during oral argument that though the statute is ambiguous, placing the certificate on a wall box would probably be satisfactory. Nevertheless, plaintiff disputes whether defendant's asserted denial is adequate. According to plaintiff, defendant's "unsupported denial of the existence of an unregistered jukebox in the Salt & Pepper Restaurant, without some evidentiary support, is not sufficient to raise a genuine issue of fact...." Plaintiff's Supplementary Memorandum at 7.

*Cf. Broadcast Music, Inc. v. Fox Amusement Co.*, 551 F.Supp. 104 (N.D.Ill.1982). Although the Court generally agrees with this statement, it cannot allow summary judgment with respect to these five infringements because the affidavit of plaintiff's agent who visited this establishment does not state that he inspected each of the music selectors in the restaurant. Thus, though it is clear that there was no certificate on the jukebox itself, it is possible that there was a valid certificate on one of the six music selectors which plaintiff's representative failed to examine. The existence of this possibility makes it inappropriate for the Court to enter summary judgment on these five violations.

Because the Court has found that the first twenty infringements were not innocent, within the meaning of the Act, the Court must impose statutory damages between $250 and $10,000. Considering the fact that defendant operated between sixty and seventy unregistered jukeboxes between 1978 and 1981, the loss to the Copyright Office and to the copyright holders has been substantial. During oral argument, defendant admitted that he had the opportunity to settle this matter for a relatively small amount. He chose not to do so, which was of course his right, because of a matter of principle—he was incensed by the fact that plaintiff did not give him notice of his lack of registration and give him the opportunity to resolve the problem. The short answer to this is that the plaintiff was under no obligation to provide him with such notice. The statute permits the imposition of fairly heavy damages, in part, to deter others from ignoring the requirements of the registration provisions of the Act. In light of these factors, the Court finds that an award of damages of $500 for each of the first twenty violations is in order.

Plaintiff also seeks a permanent injunction against further infringements by defendant or his agents. Because the Court credits defendant's statement that he is no longer in the business of operative vending machines, this request appears to be moot.

Finally, plaintiff seeks attorneys' fees in the amount of $3,613.53. The Court finds that an award of attorneys' fees is appropriate and that this amount is reasonable.

In summary, the Court ALLOWS partial summary judgment and awards statutory damages of $10,000 and attorneys' fees in the amount of $3,613.53. The Court DENIES summary judgment with respect to the final five alleged infringements and DENIES the request for equitable relief without prejudice.

It is So Ordered.